**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JOSHUA MADDOX,

        Plaintiff,

vs.                              Case No. 3:14-cv-206-J-JRK

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

        Defendant.
_____/

## **OPINION AND ORDER**[1]

### **I. Status**

Joshua Maddox ("Plaintiff") is appealing the Commissioner of the Social Security Administration's final decision denying his claim for supplemental security income ("SSI"). Plaintiff's alleged inability to work is a result of "seizures, left hand pain, right ankle pain and mental health problems." See Transcript of Administrative Proceedings (Doc. No. 15; "Tr." or "administrative transcript"), filed April 23, 2014, at 129; see also Tr. at 100. On September 13, 2012, Plaintiff filed an application for SSI, alleging an onset disability date of September 13, 2012. Tr. at 170-76. Plaintiff's application was denied initially, see Tr. at 117-22, and was denied upon reconsideration, see Tr. at 130-34.

On August 9, 2013, an Administrative Law Judge ("ALJ") held a hearing at which Plaintiff, who was represented by counsel; Plaintiff's girlfriend; and a vocational expert ("VE") testified. Tr. at 29-85. At the time of the hearing, Plaintiff was twenty-seven (27) years old.

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 14), filed April 23, 2014; Reference Order (Doc. No. 17), entered April 24, 2014.

Tr. at 63.  The ALJ issued a Decision on September 10, 2013, finding Plaintiff not disabled through the date of the Decision.  Tr. at 12-24.  The Appeals Council received additional evidence in the form of a brief from Plaintiff's counsel and medical records from Baptist Medical Center.  See Tr. at 4; see also Tr. at 272 (counsel's brief); Tr. at 402-19 (medical records).  On December 26, 2013, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, thereby making the ALJ's Decision the final decision of the Commissioner.  On February 20, 2014, Plaintiff commenced this action under 42 U.S.C. § 405(g), as incorporated by 42 U.S.C. § 1383(c)(3), by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

Plaintiff raises one issue on appeal.[2]  See Plaintiff's Memorandum in Support of Complaint (Doc. No. 19; "Pl.'s Mem."), filed May 9, 2014.  Plaintiff contends that the ALJ "erred by not including all the limitations in the hypothetical that was presented to the [VE]."  Pl.'s Mem. at 8 (emphasis and capitalization omitted).  Plaintiff initially argues that "[t]he hypothetical is incomplete . . . because it does not limit . . . [P]laintiff's ability to reach or handle particularly with the dominant extremity."  Id. at 9.  Plaintiff then states that "[t]here may not be any limitation on the ability to reach," id.; nevertheless, "the hypothetical was incomplete because it did not address . . . [P]laintiff's ability to handle when there was

---

[2]  In the Factual History section of Plaintiff's Memorandum, Plaintiff states that "[t]he main issue that prevents [P]laintiff from working is seizures . . . ." Pl.'s Mem. at 3; see id. at 6 (stating that "[P]laintiff testified that the principal reason that he cannot maintain employment is due to frequent seizures").  Plaintiff, however, does not raise any issue relating to his seizures or relating to the ALJ's treatment of the evidence and testimony regarding Plaintiff's seizures.  As such, the undersigned does not address this evidence or testimony, because a court need not "consider an issue raised only in passing or in a way that eschews legal argument or authority." Buttram v. Soc. Sec. Admin., No. 14-10316, 2014 WL 6676987, at *2 (11th Cir. Nov. 26, 2014) (citing Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 681 (11th Cir. 2014) (stating "[w]e have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority.")).

medical evidence to support a limitation with regard to the use of his dominant extremity," id. at 10-11. Plaintiff claims that "[i]t seems incongruent to have a rather severe limitation on fine fingering and the same limitation on pushing and pulling but no limitation on the ability to handle items." Id. at 9.

On August 22, 2014, Defendant responded to Plaintiff's argument by filing a Memorandum in Support of the Commissioner's Decision (Doc. No. 20; "Def.'s Mem."). Defendant points out that "Plaintiff has cited no law in support of his position." Def.'s Mem. at 4. Defendant argues that "[p]ushing, pulling, handling and fingering are distinctly different functions," id. at 5, and "the record evidence does not support a handling limitation," id. at 6. Defendant, therefore, concludes that the ALJ was not required to include a limitation on handling in the hypothetical to the VE. See id. at 6-7.

After a thorough review of the entire record and consideration of the parties' respective memoranda, the undersigned finds the ALJ's Decision is due to be affirmed for the reasons explained herein.

## **II. The ALJ's Decision**

When determining whether an individual is disabled,[3] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of

---

[3] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 14-24. At step one, the ALJ observed that Plaintiff "has not engaged in substantial gainful activity since September 13, 2012, the application date." Tr. at 14 (emphasis and citation omitted). At step two, the ALJ found Plaintiff suffers from "the following severe impairments: a history of seizures, hypertension, left-hand neuropathic pain and weakness, and a history of depression." Tr. at 14 (emphasis and citation omitted). At step three, the ALJ ascertained Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. at 15 (emphasis and citation omitted).

The ALJ determined Plaintiff's residual functional capacity ("RFC") as follows:

> [Plaintiff can] perform medium work as defined in 20 CFR [§] 416.967(c) with additional restrictions. Specifically, [Plaintiff] can: lift no more than 50 pounds occasionally and lift or carry up to 25 pounds frequently; and occasionally climb ladders, ropes or scaffolds. [Plaintiff] is left-hand dominant and is limited to tasks that require only occasional pushing or pulling with the left upper extremity, and only occasional fingering, defined as fine manipulation. [Plaintiff] must avoid concentrated exposure to extreme cold, extreme heat, the use of moving machinery and unprotected heights. [Plaintiff] is limited to simple, routine and repetitive tasks performed in a work environment free of fast-paced production requirements involving only simple work-related decisions and routine workplace changes. Lastly, [Plaintiff] is limited to work that requires only occasional interaction with the public.

Tr. at 17 (emphasis omitted). At step four, the ALJ found Plaintiff "is unable to perform any past relevant work." Tr. at 22 (emphasis and citation omitted). At step five, after considering Plaintiff's age (26 when he filed his SSI application), education (limited), work experience, and RFC, the ALJ found "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," Tr. at 23 (emphasis and citation omitted), including "Cleaner (Hospital)," "Dining Room Attendant," and "Cleaner (Lab Equipment)," Tr. at 23-24. The ALJ concluded that Plaintiff "has not been under a disability . . . since September 13, 2012, the date the application was filed." Tr. at 24 (emphasis and citation omitted).

### III. Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence' . . . ." Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143,

1145 (11th Cir. 1991) (internal quotation and citations omitted); see also McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987).  The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence–even if the evidence preponderates against the Commissioner's findings.  Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.  Discussion

Plaintiff's only issue focuses on the ALJ's alleged failure to include a limitation on Plaintiff's ability to handle in the hypothetical presented to the VE.  In the fifth step of the sequential evaluation process, an ALJ may pose a hypothetical question to a VE as part of his determination of whether the claimant can obtain work in the national economy.  See Wilson v. Barnhart, 284 F.3d 1219, 1227 (11th Cir. 2002) (citing Wolfe v. Chater, 86 F.3d 1072, 1077-78 (11th Cir. 1996)).  When the ALJ relies on the testimony of a VE, "the key inquiry shifts" from the RFC assessment in the ALJ's written decision to the adequacy of the RFC description contained in the hypothetical posed to the VE.  Corbitt v. Astrue, No. 3:07-cv-518-J-HTS, 2008 WL 1776574, at *3 (M.D. Fla. Apr. 17, 2008) (unpublished) (citation omitted).

In determining an individual's RFC and later posing a hypothetical to a VE that includes the RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'"  SSR 96-8P, 1996 WL 374184, at *5; see also 20 C.F.R. § 404.1545(a)(2); Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (stating that "the ALJ must consider a claimant's impairments in combination") (citing

20 C.F.R. § 404.1545; Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984)); Hudson v. Heckler, 755 F.2d 781, 785 (11th Cir. 1985) (stating that "[w]here a claimant has alleged a multitude of impairments, a claim . . . may lie even though none of the impairments, considered individually, is disabling") (internal quotation and citations omitted). "[F]or a [VE]'s testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." Wilson, 284 F.3d at 1227 (citing Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999)).

Plaintiff does not cite any medical evidence in the administrative transcript that limits Plaintiff's ability to handle. See Pl.'s Mem. Plaintiff's argument is that he may have limitations in handling because he has limitations in pushing/pulling and fingering. See id. at 9. This argument is not supported by citation to the administrative transcript or citation to any legal authority. In fact, the argument is mere conjecture.

In the ALJ's Decision, she explained that based on the opinion of Jeffrey Ruterbusch, D.O., Plaintiff's RFC was limited in the categories of pushing/pulling and fingering. See Tr. at 20-21. The ALJ accorded "partial weight" to the opinion of Dr. Ruterbusch, noting as follows:

> According to Dr. Ruterbusch, [Plaintiff] had "marked" limitations in the use of his left hand for activities requiring fine motor skills. However, Dr. Ruterbusch concluded [that Plaintiff] maintained "4/5" grip strength in his left hand, and displayed only "mild" atrophy in the left hypothenar eminence. Those findings are not consistent with "marked" limitations. Consequently the [RFC] limits [Plaintiff] to only occasional pushing or pulling with the left upper extremity, and only occasional fingering, defined as fine manipulation.

Tr. at 21 (quoting Tr. at 329).

Plaintiff does not challenge the weight assigned to Dr. Ruterbusch's opinion, and as noted above, Plaintiff does not point this Court to any medical evidence in the administrative transcript showing that Plaintiff has limitations in handling. The undersigned finds the ALJ did not err by not including a limitation regarding handling in the hypothetical to the VE and resulting RFC assessment.

### V. Conclusion

Upon review, the ALJ's Decision is supported by substantial evidence.  Accordingly, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), as incorporated by § 1383(c)(3), **AFFIRMING** the Commissioner's final decision.

2. The Clerk is further directed to close the file.

**DONE AND ORDERED** at Jacksonville, Florida on February 13, 2015.

*James R. Klindt*
**JAMES R. KLINDT**
United States Magistrate Judge

jlk
Copies to:
Counsel of record